## Karr Supply Company v. Joseph Kroenig.

1. VERDICTS—*When Conclusive.*—In actions for damages resulting from personal injuries, when the questions of negligence and of ordinary care are fairly presented to the jury, under the instructions of the court, their verdict is conclusive.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of St. Clair County; the Hon. B. H. CANBY, Judge, presiding. Heard in his court at the August term, 1895.   Affirmed.   Opinion filed March 7, 1896.

DILL & SCHAEFER, attorneys for appellant.

KNISPEL & ROPIEQUET, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.
This suit was brought to recover damages for a personal injury, caused. as alleged, by the negligence of appellant in failing to furnish sufficient help and proper appliances for

letting a steam tank, of the weight of five hundred pounds, down into the basement of a building. It is alleged that appellee was simply a laborer, and did not know of the necessity of such additional help and of said appliances, and that appellant did, and that he was compelled by appellant, without such additional help and appliances, to do said work. The result of the trial was a verdict and judgment in favor of the plaintiff—appellee here—for the sum of $3,000.

At the conclusion of the evidence the defendant offered an instruction directing the jury to find for the defendant, which the court refused. The main contention is that the evidence does not support the verdict or judgment. The evidence shows that appellee had been in the employ of appellant for some time, and had experience in the handling of boilers and tanks, but generally the handling was done under the supervision of another person. It also shows, in regard to the tank in question, that appellee requested additional help, and that a man by the name of Cullen was sent by appellant with directions to finish the work that day; that no ropes or tackle were taken along with which to lower the tank down the basement steps of the building, which would have been a safe method of doing the work, although appellant had a supply; that three men, including the appellee, attempted to lower the tank by hand down the steps, the appellee being on the lower side, and that the tank slipped as it was being lowered, and jammed appellee against the side of the wall inclosing the basement steps, whereby he was injured. There is evidence that five men were necessary to safely handle the tank by hand.

There is no evidence that appellee requested help in addition to that given, or suggested the use of ropes and tackle. It is considered, however, by a majority of the court, which does not include the writer of this opinion, that the judgment should be affirmed, as the questions of negligence on the part of appellant, and of care on the part of appellee, were fairly presented to the jury under the instructions of the court, and were matters exclusively for the consideration of the jury.

The judgment is affirmed.